

DA 07-0354

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2008 MT 93N

IN RE THE MARRIAGE OF:

RACHEL FICKINGER,

  Petitioner and Appellee,

v.

SIMON T. FICKINGER,

  Respondent and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DR 03-521,
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

  P. Mars Scott, P. Mars Scott Law Offices, Missoula, Montana

  For Appellee:

  Jamie L. McKittrick, Attorney at Law, Missoula, Montana

Submitted on Briefs:  February 20, 2008

Decided:  March 18, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Appellant Simon Fickinger (Simon) appeals the order of the Fourth Judicial District Court, Missoula County, declining to exercise jurisdiction over the parties' child custody dispute and inviting the State of Indiana to exercise jurisdiction. We affirm.

¶3     Simon and Rachel were married in Indiana on July 8, 1989. In 1993 they moved to Montana, where their son, A.H.F., and daughter, A.E.F., were born in 1994 and 1997, respectively. The family resided in Montana until Simon and Rachel's dissolution on September 23, 2003. Pursuant to the parties' August 7, 2003 Stipulated Parenting Plan, which was approved by the District Court, Rachel then relocated to Indiana with the children.

¶4     The children quickly became integrated into school, sports, and church activities in Indiana and apparently progressed well, making friends and achieving high marks in school. A.E.F. was placed in a school program for talented and gifted children. The children have returned to Montana for numerous visits with Simon and his parents since leaving, and Simon's parents and siblings often visit the children in Indiana, staying at Rachel's home. The children have also received medical care in Indiana.

¶5     On May 19, 2006, Simon moved the District Court to modify the parties' parenting plan, requesting that their son, A.H.F., be allowed to reside with Simon in Missoula.  The District Court appointed a guardian ad litem (GAL) to conduct an initial investigation, but prior to the submission of the GAL's report, Rachel moved the District Court to transfer jurisdiction to Indiana, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).  The GAL's report ultimately recommended that A.H.F. be allowed the opportunity to try residing with Simon in Missoula for a school year.  However, the District Court granted Rachel's motion, concluding that Indiana would be a more appropriate forum.

¶6     The District Court determined that "Indiana is a more appropriate forum to exercise jurisdiction over the minor children, in part, because the children have resided there for the last three and a half years.  Furthermore, most, if not all, witnesses are located in Indiana including teachers, friends, clergy, coaches and others."  The court also concluded that the possibility of videoconferencing would be cumbersome and costly, and that the GAL's reluctance to travel to Indiana to meet with Rachel, the children, and others was an obstacle that weighed in favor of transferring jurisdiction.  Simon appeals.

¶7     We review a district court's decision to decline jurisdiction for an abuse of discretion.  *Stoneman v. Drollinger*, 2003 MT 25, ¶ 10, 314 Mont. 139, ¶ 10, 64 P.3d 997, ¶ 10 (citations omitted).

¶8     This Court's jurisdiction over child custody cases is governed by the UCCJEA. *Stoneman*, ¶ 14.  We explained the applicable rule in *Stoneman*:

Under the UCCJEA, a Montana court has jurisdiction to make a child custody determination if Montana is the "home state" of the child. Section 40-7-201(1), MCA. The "home state" is defined as the state in which a child lived with a parent or a person acting as parent for at least six months immediately before the commencement of a child custody proceeding. Section 40-7-103(7), MCA. As the "home state" of a child, Montana will continue to have exclusive, continuing jurisdiction unless a Montana court declines to exercise its jurisdiction. Section 40-7-202(2), MCA. A court may decline to exercise its jurisdiction at any time if the court determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum to make the child custody determination. Section 40-7-108(1), MCA.

*Stoneman*, ¶ 15. When determining whether a court of another state would be a more appropriate forum, a district court must consider all relevant factors, including the following:

(a) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(b) the length of time that the child has resided outside this state;

(c) the distance between the court in this state and the court in the state that would assume jurisdiction;

(d) the relative financial circumstances of the parties;

(e) any agreement of the parties as to which state should assume jurisdiction;

(f) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(g) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(h) the familiarity of the court of each state with the facts and issues in the pending litigation.

Section 40-7-108(2), MCA.

¶9      The parties agree that Montana is the children's "home state" and that the District Court had jurisdiction to determine custody unless it declined to exercise its jurisdiction. The parties also acknowledge that the District Court considered the aforementioned factors. However, Simon argues that the District Court's consideration of those factors was "arbitrary and capricious" because: (1) the GAL's report indicated that all witnesses agree the children are "doing fine currently" in Indiana, and thus witness testimony would be limited and uncontested and make an Indiana forum unnecessary; and (2) Montana courts would be able to resolve this case more expeditiously.

¶10     Under the UCCJEA, the District Court was authorized to make an initial determination about whether Montana was an inconvenient forum. It did so, finding that the children have lived in Indiana for a substantial period of time and that most of the witnesses are in Indiana. The District Court concluded that the possibility of using videoconferencing to present witnesses would be untenable. In addition, a trial has already been scheduled in Indiana for July 2008, and thus Simon's argument that Montana courts would be more expeditious is unpersuasive. Under the applicable standard of review, it is clear the District Court considered the relevant factors and did not abuse its discretion by declining to exercise jurisdiction.

¶11     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District

5

Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶12     We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS